UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:16-CV-60014

| | |
|---|---|
| ORKA NRG AG, | ) |
| | ) |
|                Plaintiff, | ) |
| | ) |
|      vs. | ) |
| | ) |
| ALUTRADE LLC, | ) |
|                Defendant. | ) |
| | ) |
| _____ | ) |

## COMPLAINT FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL

Plaintiff ORKA NRG AG ("Plaintiff") alleges for its Complaint against Defendant ALUTRADE LLC ("Defendant") as follows:

### The Parties

1.    Plaintiff is, and at all relevant times has been, a company organized and existing under the laws of Switzerland, with its principal place of business in Hunenberg, Switzerland.

2.    Defendant is, and at all relevant times has been, a limited liability company existing under the laws of the State of Florida, with its principal place of business in Weston, Florida, in this judicial district.

### Jurisdiction and Venue

3.    Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2) because it is an action between an entity that for purposes of diversity jurisdiction is a citizen of Switzerland, and an entity who for purposes of diversity jurisdiction is a citizen of Florida, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this judicial district.  Moreover, Defendant purposefully availed itself of the privilege of conducting business in this jurisdiction and invoked the benefits and protections of the law of this jurisdiction; the claims arise out of or relate to Defendant's activities and conduct related to this jurisdiction; and the exercise of personal jurisdiction is reasonable.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant is a limited liability company located in this judicial district and because a substantial part of the acts or omissions giving rise to the claim occurred here.

### Factual Allegations

6.     Founded in 2013, Plaintiff operates as a principal trading entity involved in the purchase, sale, storage, processing, mixing and shipping of biodiesel and waste oils in the European, American and Asian markets. Plaintiff is also an active player within the biomass and metal sectors.

7.     Defendant is a commodities trading company based in Florida that specializes in the procurement and sale of aluminum.  Since 2005, Defendant has serviced clients both domestically and internationally.

8.     Plaintiff and Defendant entered into several written agreements entitled "Sales Contracts" on or about September 4, 2014 (the "2014 Sales Contract"), May 11, 2015, May 14, 2015, May 22, 2015, and June 24, 2015 (collectively, the "2015 Sales Contracts"; along with the 2014 Sales Contract, the "Sales Contracts").  True and correct copies of the Sales Contracts are attached hereto as Exhibit A and incorporated by reference as though set forth in full herein.

2

9.      The 2014 Sales Contract required Defendant to sell Plaintiff 600 metric tons ("MT") of 99.7% percent pure aluminum.  This contract provided that the parties would "price" the aluminum at a future date, at the price per metric ton listed on the London Metal Exchange ("LME") on the day of the pricing, plus $345 per MT.  The 2014 Sales Contract further noted that the "Provisional Price" was $2,425/MT, as the LME price at that time was $2,080/MT.

10.     Pursuant to the parties' agreement and past practices, Plaintiff paid Defendant the "Provisional Price" in advance of the parties' pricing, in a total amount exceeding $1.4 million. The payment was made pursuant to invoices dated September 8 and September 29, 2014 that specifically noted that the price was "Provisional," and Plaintiff made that payment subject to the parties' obligation to true up the amount paid when the parties actually "priced" the aluminum.

11.     Despite repeated requests, Defendant has continually refused to comply with its obligation to "price" the aluminum.  Because the benchmark LME price has been substantially below $2,080/MT during the relevant period, Defendant's wrongful refusal to "price" the aluminum has deprived Plaintiff of the required true up payment to which it is entitled, damaging Plaintiff in the amount of hundreds of thousands of dollars.

12.     Similarly, the 2015 Sales Contracts required Defendant to sell Plaintiff a total of approximately 835 MT of aluminum.  The 2015 Sales Contracts also provided that the parties would "price" the aluminum at a future date, again at the price per metric ton listed on the LME on the day of pricing, plus or minus an adjustment ranging from +$115 to -$160 per MT.

13.     On June 5, 2015, Defendant sent Plaintiff invoice number 663, which reflected the fact that the parties had priced 186.16 MT of the aluminum reflected in the May 11, 2015 Sales Contract by noting a "Final Price" of $1,840/MT.  Plaintiff duly paid that priced amount.

14.     In addition, pursuant to the parties' agreement and past practices, Plaintiff paid Defendant a "Provisional Price" based on the then-current benchmark LME price in advance of the parties' "pricing" the remaining aluminum under the 2015 Sales Contracts, in a total amount exceeding $1.2 million.  The payment was made pursuant to seven invoices dated between June 18 and July 30, 2015.  Each of those invoices specifically noted that the price was "Provisional," and Plaintiff paid those invoices subject to the parties' obligation to true up the amount paid when the parties actually "priced" the aluminum.

15.     Despite repeated requests, Defendant has continually refused to comply with its obligation to "price" the aluminum reflected in those seven invoices.  Because the benchmark LME price during the relevant period has been substantially below the June-July 2015 LME prices used to establish the Provisional Prices, Defendant's wrongful refusal to "price" the aluminum has deprived Plaintiff of the required true-up payment to which it is entitled, further damaging Plaintiff in the amount of hundreds of thousands of dollars.

16.     Based on Defendant's breach of the Sales Contracts, the following amounts currently are due:

- $380,047.52 for ORKA contract # 029 (Alutrade contract # ALLC-058-08)

- $153,049.21 for ORKA contract # 067 (Alutrade contract # ALLC-103V)

- $132,049.21 for ORKA contract # 069 (Alutrade contract # ALLC-107V)

- $23,961.95 for ORKA contract # 070 (Alutrade contract # ALLC-111V)

- $9,300.96 for ORKA contract # 072 (Alutrade contract # ALLC-116V)

- $15,317.81 for debit note number 14.3.0002.

- $10,851.63 for debit note number 14.3.0007.

- $9,370.64 for debit note number 15.3.0012.

4

- $9,819.71 for debit note number 15.3.0022.

The total amount currently due is therefore $743,809.23.

### First Cause of Action – Breach of Contract

17.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 16 of this Complaint, as though set forth fully herein.

18.     Plaintiff and Defendant were parties to the Sales Contracts attached hereto as Exhibit A, which are valid and enforceable agreements.

19.     Plaintiff performed its obligations of the Sales Contracts by, among other things, paying Defendant for aluminum pursuant to the Sales Contracts.

20.     Defendant has breached the Sales Contracts by, among other things, refusing to comply with its obligation to "price" the aluminum and depriving Plaintiff of the required true up payments.

21.     As the proximate result of Defendant's breaches of the Sales Contracts, Plaintiff has been damaged in the amount of $743,809.23.

22.     Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1.      for compensatory damages in an amount to be determined at trial;

2.      for prejudgment interest as permitted by law;

3.      for postjudgment interest as permitted by law;

4.      for costs of suit, including attorneys' fees incurred; and

5.      for such other relief as the Court may deem proper.

Dated:  January 4, 2016                     Respectfully submitted,


                                            *s/  Natasha B. Dorsey*_____
                                            Natasha B. Dorsey (Florida Bar No.:  099383)
                                            natasha.dorsey@rimonlaw.com
                                            Richard J. Mooney *PRO HAC VICE*
                                            *ANTICIPATED* (California Bar No.: 176486)
                                            richard.mooney@rimonlaw.com
                                            **Rimon P.C.**
                                            112 Via Castilla
                                            Jupiter, FL 33458
                                            Telephone/Facsimile:  (561) 935-9678
                                            Alternative Telephone: (239) 410-8622

                                            *Attorneys for Plaintiff ORKA NRG AG*

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial for all issues triable to a jury.


Dated:  January 4, 2016                    Rimon P.C.


By: /s/ Natasha B. Dorsey
Natasha B. Dorsey
*Attorney for Plaintiff ORKA NRG AG*